IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RYAN THOMAS PICK,**

    **Petitioner,**

    v.                                         CIVIL ACTION NO. 2:24cv481

**CHADWICK DOTSON, Director,**
**Virginia Department of Corrections,**

    **Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Ryan Thomas Pick's ("Petitioner") Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Chadwick Dotson's ("Respondent") Motion to Dismiss, ECF No. 9. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2019, before the Circuit Court of Hanover County ("Trial Court"), following a jury trial, Petitioner was sentenced for two counts of use of a communication system

for the purpose of promoting or procuring the use of a minor in a sexual act, and one count of use of a communication system for the purpose of soliciting a minor he knew or had reason to believe was less than fifteen years of age. ECF No. 1 at 1; ECF No. 11, attach. 3 at 1. The Trial Court sentenced Petitioner to an active sentence of seven years imprisonment. ECF No. 1 at 1; ECF No. 11, attach. 3 at 1.

Petitioner filed a direct appeal of his criminal convictions to the Court of Appeals of Virginia. ECF No. 1 at 1; ECF No. 11, attach. 2 at 1–24. On appeal, the Petitioner argued (1) "[t]he trial court erred in denying the Petitioner's Motion to Suppress internet chats and all evidence derived therefrom" because the chats were "collected by the Commonwealth in violation of" the Virginia Wiretap Act; (2) "[t]he trial court erred by denying the Petitioner's motion to suppress his pre Miranda statements;" and (3) "[t]he trial court erred by convicting the Petitioner of Use of a Computer to propose that a child perform a sex act" without sufficient evidence. ECF No. 11, attach. 2 at 9–10, 22; *see also* ECF No. 1 at 2. The Court of Appeals of Virginia found the trial court did not err in denying Petitioner's Motion to Suppress, that Petitioner did not preserve for appeal his arguments regarding his pre-Miranda statements and sufficiency of the evidence, and affirmed Petitioner's convictions on January 12, 2021. *Pick v. Commonwealth*, 852 S.E.2d 479, 485 (Va. Ct. App. 2021).

Petitioner then appealed his conviction to the Supreme Court of Virginia. ECF No. 1 at 2; ECF No. 11, attach. 4 at 1. On July 13, 2021, the Supreme Court of Virginia refused his petition for appeal. ECF No. 11, attach. 4 at 30. Upon denial of the appeal, Petitioner submitted a petition for rehearing to the Supreme Court of Virginia. ECF No. 11, attach. 4 at 31. On October 6, 2021, the Supreme Court of Virginia denied his petition for rehearing. ECF No. 1 at 3; ECF No. 11,

attach. 4 at 40. Petitioner then petitioned the Supreme Court of the United States for review.[1] ECF No. 11, attach. 5 at 1. The Court denied his petition on March 7, 2022. *Id.*

Petitioner then filed a state petition for a writ of habeas corpus in the Supreme Court of Virginia (the "State Habeas Petition"). ECF No. 1 at 3; ECF No. 11 at 2; ECF No. 13, attach. 1 at 3. Petitioner notarized his State Habeas Petition on July 7, 2022, and the State Habeas Petition was officially filed on August 8, 2022. ECF No. 1 at 3; ECF No. 13, attach. 1 at 1, 11. In his State Habeas Petition, Petitioner argued counsel "failed to effectively show and argue that law enforcement violated Mr. Pick's [Fourth, Fifth, and Sixth] Amendment [r]ights," was ill-prepared for motions hearings, and was unfamiliar with portions of the Virginia Code. ECF No. 13, attach. 1 at 12. *See also* ECF No. 1 at 3. The Supreme Court of Virginia dismissed Petitioner's State Habeas Petition through a final order dated July 18, 2023, on the grounds that Petitioner's claims "satisfied neither the 'performance' nor the 'prejudice' prong of the two-part test [for evaluating whether counsel was ineffective] enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." ECF No. 13, attach. 2 at 7–23.

Petitioner filed the instant federal Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 16, 2024, raising a single claim:

> Virginia Courts violated my Fourth Amendment Rights in the Motion To Suppress Hearing when the Court ruled the Officer's interception of private electronic communications (without Court authorization) by the Officer impersonating someone else is legal and [permissible] pursuant to 18 U.S. Code 2511, VA [Code] 19.2-62 and 19.2-68 and the definition of Electronic Surveillance provided in Executive Order 12333, Sec. 3.5(c).

ECF No. 1 at 5.

---

[1] Petitioner erroneously indicated in his federal habeas petition that he did not petition the U.S. Supreme Court. The record shows that Petitioner did submit a petition for writ of certiorari, which the Supreme Court denied. ECF No. 1 at 3; ECF No. 11, attach. 5 at 1.

3

On May 21, 2025, Respondent filed a Motion to Dismiss, a Rule 5 Answer, and a brief in support of the Motion to Dismiss. ECF Nos. 9–11. Therein, Respondent argues that the Petition is untimely, and that no exception exists to excuse Petitioner's untimely filing. Respondent contends that even if the Petition was timely filed, his claims are defaulted and would fail on the merits. ECF No. 11 at 10–18. Petitioner did not file a reply.[2] Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether the Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

*1. Statute of Limitations under the AEDPA.*

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09cv41, 2009 WL 6319261, at *1 (S.D. W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. 2:09cv41, 2010 WL 1286891 (S.D. W. Va. Mar. 26, 2010). This case is governed by the limitation period set forth in the AEDPA. The applicable section of the AEDPA provides, in pertinent part, that:

> (1) A 1-year limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Upon Respondent's filing of the Motion to Dismiss, the Court issued a *Roseboro* notice to Petitioner, which was returned to the court as undeliverable. ECF No. 17 at 1. The return envelope indicated that Petitioner is not in Virginia Department of Corrections Custody. *Id.* Petitioner has not advised the Court of any change in his address, or provided the Court with an updated mailing address.

4

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA further contains a statutory tolling provision: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, Section 2254 petitions, such as the instant Petition, are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the expiration of the time to seek direct review of the highest state court's decision by the Supreme Court of the United States. 28 U.S.C. § 2244(d)(1)(A). The federal one-year statute of limitations is tolled during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2).

 2. *Even Affording Petitioner Statutory Tolling, the Petition is Untimely.*

In the instant matter, the Trial Court sentenced Petitioner on November 22, 2019. ECF No. 1 at 1; ECF No. 11, attach. 3 at 1. Following his appeals to the Court of Appeals of Virginia and the Supreme Court of Virginia, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari on March 7, 2022. ECF No. 11, attach. 5 at 1. Thus, Petitioner's judgment became final for AEDPA purposes on March 7, 2022—the day of the Supreme Court of the United States' final decision—and Petitioner's one-year statute of limitations began running at that time.

On July 7, 2022, Petitioner filed his timely State Habeas Petition "within one year from . . . final disposition of the direct appeal in state court" as required by Virginia law. ECF No. 13, attach. 1; Va. Code § 8.01-654(A)(2). Accordingly, Petitioner executed his State Habeas Petition 122 days after the one-year AEDPA statute of limitations began, leaving 243 days remaining for

5

his AEDPA statute of limitations. The AEDPA statute of limitations was tolled until July 18, 2023, when the Petitioner's State Habeas Petition was dismissed, and began to run again on that date. ECF No. 13, attach. 2 at 7.

With 243 days remaining in Petitioner's AEDPA statute of limitations, his deadline to file his federal habeas petition was March 18, 2024.[3] Petitioner signed the instant Petition on July 16, 2024—more than three months after the AEDPA statutory deadline. ECF No. 1. Thus, even considering the benefits of statutory tolling (pursuant to 28 U.S.C. § 2244(d)(2)), his Petition is still untimely under AEDPA. Additional statutory tolling is unavailable to the Petitioner and the undersigned now considers the availability of equitable tolling.

   3. *Petitioner is Not Entitled to Equitable Tolling.*

The AEDPA statute of limitations may be equitably tolled if a petitioner can demonstrate: (1) the petitioner pursued his or her rights diligently and (2) some extraordinary circumstance stood in the way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To meet the standard for equitable tolling, "[t]he petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Rashid v. Clarke*, No. 1:18cv262, 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018); *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001). Petitioners must specifically explain how the alleged conditions affected their ability to pursue their claims within the statute of limitations. *Booker v. Clarke*, No. 3:21cv212, 2022 WL 464554, at *3 (E.D. Va. Feb. 15, 2022); *Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010). "Mere conclusory allegations are insufficient to raise the issue of equitable

---

[3] 243 days from July 18, 2023, is Sunday, March 17, 2024. However, Petitioner's deadline "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"—here, Monday, March 18, 2024. Fed. R. Civ. P. 6(a).

tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). Additionally, "the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Rashid*, 2018 WL 1937349, at *3 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Application of a court's equity powers, including equitable tolling, should be considered on a case-by-case basis. *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964); *Holland*, 560 U.S. at 649–50. The Fourth Circuit has further explained equitable tolling should only be applied in "rare instances, where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("any resort to equity must be reserved for those rare instances.")). There is a "historic limitation of equitable tolling to extraordinary circumstances beyond a petitioner's control." *Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014). Equitable tolling does not apply to "garden variety claims of excusable neglect" or "mistake[s] of counsel," which includes attorneys' "erroneous interpretation of the statute of limitations provision." *Rouse*, 339 F.3d at 246, 248 (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002)).

Petitioner makes no argument for why he would be entitled to equitable tolling in his Petition, and he did not file a reply brief. Accordingly, the undersigned declines to find Petitioner is entitled to equitable tolling. In light of the above analysis, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED** on the basis of Respondent's timeliness argument.

## III. RECOMMENDATION

Because the Petition is untimely pursuant to AEDPA and Petitioner is not entitled to equitable tolling, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED** on the basis of Respondent's timeliness argument, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings of recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert denied* 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
August 18, 2025